**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Brandon Phillips, | Civil Action No.: 6:14-cv-598 (DNH/TWD) |
| Plaintiff, | |
| v. | |
| Credit Acceptance Corporation; and DOES 1-10, inclusive, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Brandon Phillips, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Brandon Phillips ("Plaintiff"), is an adult individual residing in Johnstown, New York, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Credit Acceptance Corporation ("Credit Acceptance"), is a Michigan business entity with an address of 25505 West 12 Mile Road, Southfield, Michigan 48034-8316, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Credit Acceptance

and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      Credit Acceptance at all times acted by and through one or more of the Agents.

## **FACTS**

8.      Within the last four years, Credit Acceptance began placing calls to Plaintiff's cellular telephone, number 518-XXX-9810.

9.      At all times mentioned herein, Credit Acceptance placed calls to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.     When Plaintiff answered a call from Credit Acceptance he hears a prerecorded message instructing Plaintiff to remain on the line to be connected to a live representative.

11.     During a conversation with Credit Acceptance, Plaintiff requested that it cease calls to Plaintiff's cellular telephone number.

12.     Plaintiff has a prior business relationship with Credit Acceptance and had initially provided his cellular telephone number to Credit Acceptance and his consent to be contacted at his cellular telephone number.

13.     However, Credit Acceptance no longer had consent to contact Plaintiff at his cellular telephone number after Plaintiff requested that it cease calls to Plaintiff's cellular telephone number.

14.     Nonetheless, Credit Acceptance continued to place calls to Plaintiff's cellular telephone number.

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227,** *et seq.*

15.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

17.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18.     Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a recording before Defendant's telephone system would connect him to the next available representative.

19.     Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20.     Despite Plaintiff directing Defendant to cease all calls to his cellular telephone,

Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 20, 2014

                              Respectfully submitted,

                              By: /s/ Sergei Lemberg

                              Sergei Lemberg (SL 6331)
                              LEMBERG LAW L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff